IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

K&V SCIENTIFIC CO., INC., a New
Mexico corporation,

        Plaintiff,

v.                                                                                                                                            No. CIV 00-1615 BB/DJS

**BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT ("BMW"),**
a corporation organized and existing
under the laws of Germany,

        Defendant.

## MEMORANDUM OPINION
### AND
## ORDER DENYING RECONSIDERATION

**THIS MATTER** comes before the Court on Plaintiff's motion for reconsideration [doc. 47], and the Court having considered the briefs of counsel and being otherwise informed, finds the motion fails to meet the legal standard necessary for reconsideration and therefore must be Denied.

### *Discussion*

Plaintiff moves under Federal Rule of Civil Procedure 59(e) to have this Court reconsider its Order of September 7, 2001 ("Order"). A motion under Rule 59(e) should be granted only to correct manifest errors of law or to present newly discovered evidence. *Phelps v. Hamilton*, 122 F.3d 1309, 1329 (10th Cir. 1997) (quoting *Committee*

*for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Absent very extraordinary circumstances revisiting issues previously addressed is not within the scope of Rule 59. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff has failed to convince the Court of any manifest error of law or newly discovered evidence.

Plaintiff initially argues "that [there] is a critical difference between a clause that provides that litigation 'shall' occur at a particular place and a clause that provides that courts in a particular locale 'shall' have jurisdiction." The analysis in the Order does not amount to a "manifest error of law" on this issue for at least two reasons. First, the clause in question does not say jurisdiction "<u>shall be</u> in Munich" but rather "jurisdiction for all and any dispute arising out of or in connection with this agreement <u>is</u> Munich" (emphasis added). The term "is" traditionally connotes present tense and recognizes the existence of an objective fact. *Klaas v. Continental So. Lines, Inc.*, 82 So. 2d 705, 707 (Miss. 1955); *State ex rel. Commissioners of Land Office v. Carter Oil Co.*, 336 P.2d 1086, 1092 (Okla. 1958). It is therefore clearly definitive rather than directive in this context. *Frietsch v. Refco, Inc*, 56 F.3d 825, 829 (7th Cir. 1995) (interpreting "place of jurisdiction is" language as mandatory).

Even if the 1997 contract used the words "shall be" rather than "is," however, the Court is not convinced Plaintiff is correct that "shall" is mandatory only when applied to venue and not to jurisdiction. While there are cases that appear to make this

2

distinction,[1] the majority of courts treat "shall" as mandatory for both jurisdiction and venue. *See, e.g., General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994). More importantly, this is the interpretation adopted by the Tenth Circuit. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 955-6 (10th Cir. 1992); *Zions First Nat'l Bank v. Allen*, 688 F. Supp. 1495 (D. Utah 1988); *Furry v. First Nat'l Monetary Corp.*, 602 F. Supp. 6, 8 (W.D. Okla. 1984).

Plaintiff next argues that it has met the burden of showing "that enforcement would be unreasonable or unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). While the Court is sympathetic to Plaintiff's claim that German counsel do not accept cases on a contingency and that Plaintiff is bankrupt, the courts have required a showing of virtual impossibility before invoking the equity safety valve to escape the enforcement of a clear forum selection clause. *Argueta v. Banco Mexicano*, 87 F.3d 320 (9th Cir. 1996), provides a good example. In that case, Argueta borrowed $2,000,000 from Banco Mexicano for a real estate development documented by an agreement that included a forum selection clause. When a dispute arose, Argueta went to Mexico City to negotiate with the Bank. While there, Bank officials accused Argueta of fraudulent collusion with a former Bank official and Argueta was arrested and jailed. He alleged that while in jail he could hear the former Bank official being beaten and told to confess.

---

[1] In addition to those cited by Plaintiff, *see also John Boutari & Son, Wines & Spirits v. Attiki Importers & Distribs.*, 22 F.3d 51 (2d Cir. 1994).

He remained in jail over one year before he agreed to renegotiate the loan. Upon his release, Argueta sued the Bank in the District of Arizona. The Bank invoked the forum selection clause which stated that for controversy or interpretation of the loan contract "the parties expressly submit themselves to the Federal Tribunals or the State Courts of Guadalajara, Jalisco or Guaymas, Sonora." The district court dismissed on the basis of improper venue.

Before the Ninth Circuit, Argueta argued not that the forum selection clause was invalid but "that enforcement would be unreasonable because Argueta will be persecuted if he returns to Mexico and will for all practical purposes be deprived of a fair hearing." 87 F.3d at 325. The Ninth Circuit dismissed Argueta's claim that the Bank would abuse the legal process.

> We may infer from the fact that the bank dropped its charges against Argueta once he agreed to the modifications to the San Carlos Loan agreement that the bank may have abused the complaint procedure`to intimidate Argueta. That fact, however, does not necessarily show that Banco Mexicano will abuse the procedure if Appellants file a civil action against the bank in Mexico. Even assuming that Banco Mexicano filed the original charges against Argueta to intimidate him into modifying the San Carlos Loan agreement, there is no showing that the bank would or could file other charges against him if he were forced to litigate in Mexico.

57 F.3d at 326 (footnote omitted).

4

The Ninth Circuit then rejected Argueta's claim that since the Bank had intimidated one Mexican lawyer into withdrawing, he would be unable to obtain any counsel:

> Although Argueta had difficulty retaining an attorney in Mexico, he does not show that he cannot retain any counsel in Mexico. *See Spradlin*, 926 F.2d at 868-69 (dicta stating that appellant failed to offer even allegations about the availability of counsel in Saudi Arabia to mitigate against enforcing the forum selection clause). There is no evidence that Argueta was unable to retain another counsel in Mexico after his original counsel withdrew. In fact, Argueta states that he has consulted with more than one attorney in Mexico about his case. Without more, Appellants have not carried their burden to show that litigation in Mexico would subject Argueta to risk of physical harm or that Argueta is unable to obtain counsel to represent him in Mexico.

87 F.3d at 327 (footnote omitted). *See also Spradlin v. Lear Siegler Management Servs. Co.*, 926 F.2d 865 (9th Cir. 1991); *Talatala v. Nippon Yusen Kaisha Corp.*, 974 F. Supp. 1321 (D. Haw. 1997).

Mere disagreement with the Court's prior factual findings is not a proper basis for a motion to reconsider. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, unless Plaintiff can show it is unable to retain any of the numerous American firms with lawyers permitted to practice in Germany and that it has made a substantial attempt to retain German counsel, it has failed to meet its burden to show it will actually be deprived of its day in court. *Hodes v. S.N.C. Achille Lauro ed Altri-Gestone*, 858 F.2d

905, 916 (3d Cir. 1988), *abrogated on other grounds*, *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 497 (1989).

# O R D E R

For the above stated reasons, Plaintiff's *Motion to Reconsider* is Denied.

Dated at Albuquerque this 17th day of December, 2001.

							_____
							BRUCE D. BLACK
							United States District Judge

**Counsel for Plaintiff:**

	David A. Freedman, John W. Boyd, FREEDMAN BOYD DANIELS HOLLANDER GOLDBERG & CLINE, Albuquerque, NM

**Counsel for Defendant:**

	Travis R. Collier, James P. Bieg, RODEY DICKASON SLOAN AKIN & ROBB, Albuquerque, NM